# United States District Court, Southern District of Texas

United States Courts
Southern District of Texas
FILED

OCT - 9 2014

David J. Bradley, Clerk of Court

| | | | |
|---|---|---|---|
| Charles B Walker | | ) | CIVIL ACTION 3:14-CV-00104 |
| | Plaintiff; | ) | HON. JUDGE COSTNER |
| - vs - | | ) | |
| Joseph A Ham, et, al. | | ) | |
| | Defendants. | ) | **Motion to Reconsider** |

Plaintiff objects to several items and errors in "Report and Recommendations" (document 22 filed 09/05/14). Delay in this response was caused by defendants initial willingness then refusal to pay even one percent of the tort damage claim.

1. Paragraph 2 fails to note that Charles Walker was an elected officer asking federal police in combat gear why they were violating the constitution. Plaintiff also objects to the word subdued as he at no point resisted.

2. Paragraph (5, and 6) the United States (person), The United States Department of Interior (person), and Cody

Dingee both as individuals and in their official capacity must not be dismissed. On August 22, 2014 plaintiff filed an amendment to original complaint to change the title, jurisdiction and the venue to be under Title 28 U.S.C. section 1331.

The Sherman Act and Title 42 1983 does not address federal police because they are not legal and did

not exist outside of the District of Columbia in 1871. Federal persons must be held to an even higher standard. Moreover there can be no doubt that the "Civil Rights Act" was intended to provide a remedy, to be broadly construed, against "all" forms of official violation of federally protected rights  See "Monell v New York City department of social services Pp. 436 U. S. 691- 695".

Qualified immunity is not complete immunity and although if found exempt from trial they remain as employers responsible for damages and as named defendants.

3. Paragraph 7 the original complaint is brief but not devoid of facts for all defendants see fact 3, 9, 10, 11, 12, 13, 14 and the sixth Federal causes of action. Plaintiff has witness within the federal and state wildlife departments that will require subpoena and official immunity.  Plaintiffs statement referred to in this paragraph was ("I don't think I have enough evidence now") without these witnesses.  Dingee appears to only come to work a couple hours a few days a week. Dingee hides in his private bunker in a part of the refuge inaccessible, to the public not accepting phone calls, service of summons or registered mail. Ham and Edwards admit lack of supervision, drug testing, and training, in the criminal trial transcript. Plaintiff has witnesses in the community of multiple reoccurring and unresolved complaints against Ham.

4. Paragraph 8 fails to mention the criminal conviction was ordered dismissed on appeal by Circuit judges Davis, Prado, and Higginson. Most likely 2016 Presidential candidate, U. S. Senator Paul has shown great interest in this case to defend the Constitution and cut the Budget.

Sincerely,

Charles B Walker, Plaintiff, 15 Flounder Circle Freeport, TX 77541

Certificate of Service

I certify that a copy if this pleading was mailed by First class Mail postage prepaid on this 7th day of October 2014 to the Court and to Kenneth Magidson 1000 Louisiana, Suite 2300, Houston Texas 77002
Charles Walker, Plaintiff

Charles B. Walker
15 Flounde Circle
Freeport, TX 77541

Hon. Judge Costner
United States Courthouse
601-25th Street, Room 704
Galveston, Texas 77550

David J. Bradley, Clerk of Court
OCT - 9 2014
United States Courts
Southern District of Texas
FILED

7755017999