Case 3:14-cv-00104 Document 62 Filed in TXSD on 09/08/16 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
September 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES B WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-104 |
| | § | |
| JOSEPH A HAM, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss, or for Summary Judgment filed by Defendants Joseph A. Ham ("Ham") and Micah Edwards' ("Edwards"). Dkt. 46. After considering the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment.

### PROCEDURAL BACKGROUND

This case arises from the traffic stop of Plaintiff Charles B. Walker ("Walker") by U.S. Fish and Wildlife Service officers. Initially, Walker sued the United States of America and the United States Department of the Interior, Region 2 of the U.S. Fish and Wildlife Service, along with Officers Ham, Edwards and Cody Dingee in their official and individual capacities under 42 U.S.C. §§ 1983, 1985, 1986, 1988. In his Complaint, Walker alleges that during his arrest excessive force was used against him in violation of his rights under the Fourth Amendment to the United States Constitution. *See* Dkt. 1,

1

Pl.'s Complaint, p. 2-6.[1] The Court subsequently dismissed all of Walker's claims against the United States, the United States Department of the Interior and Cody Dingee and against Ham and Edward in their official capacities. *See* Dkt. 22. The only remaining claims are those asserted against Officers Ham and Edwards in their individual capacity.

## FACTUAL BACKGROUND

On July 23, 2013, Walker was driving a Toyota pickup truck northbound on County Road ("CR") 227 in Brazoria County, Texas, when he observed Officers Ham and Edwards stopped at a yield sign at the intersection of CR 476.[2] The officers were patrolling fishing areas within the Brazoria National Wildlife Refuge for compliance with state and federal laws. *See* Dkt. 46-1, Ex. A, excerpts from *United States v. Charles Walker*, Crim. Action No. 3:13-MJ-0069, USDC, SDTX, at 33:17-24; *see also* Dkt. 46-1, Ex. B, Ham Deposition, 22:3-10. Officers Ham and Edwards turned from CR 476 onto CR 227 and saw Walker staring at their vehicle and shaking his head in a "no" motion. *See* Dkt. 46-1, Ex. A, excerpts, 34:2-16. Walker pulled his truck along-side of Officer Ham's driver's side window and waited for him to roll his window down. *See* Dkt. 46-1, Ex. A, excerpts, 34:16-20. When Officer Ham did so, Walker asked, "Federal Wildlife

---

[1] Walker also raised claims under the Fifth, Sixth, Ninth, and Fourteenth Amendments. The summary judgment evidence reflects that at Walker's deposition he could not recall with any certainty what each Officer did to cause him harm in violation of the Fifth, Sixth, and Ninth amendments. *See* Dkt. 46-1, Ex. C, Walker deposition, 59:18-61:10. Furthermore, while Walker asserts in conclusory fashion that the officers did not have probable cause to perform the traffic stop, the undisputed facts establish that probable cause did existed. Accordingly, the Court finds that Officers Edwards and Ham are entitled to summary judgment on these claims.
[2] The material facts set forth below are established by summary judgment evidence and are either uncontroverted or viewed in the light most favorable to Walker.

Police? It is a violation of the Constitution to have federal military police on our domestic shores."

Next Walker stated, "What is this?" *See* Dkt. 46-1, Ex. C, Walker deposition, 16:2-25. Walker proclaimed, "We don't need any more cops around here" and yelled "Go home." *See* Dkt. 46-1, Ex. A, excerpts, 34:16-25; Ex. B, Ham, 23:1-6; Ex. C, Walker, 17:7-16 and 18:16-21. As Walker drove away, Officer Ham observed several 5-gallon gas cans in the bed of his truck which he considered a potential danger to the public's safety and the Wildlife Refuge. *See* Dkt. 46-1, Ex. A, excerpts, 35:3-7. Officers Ham and Edwards followed Walker. *See* Dkt. 46-1, Ex. A, excerpts, 35:8-14 and 36:18-24; Dkt. 46-1, Ex. B, Ham, 23:1-25 and 24:1-13.

As Walker traveled east on CR 476, he braked over a rise in the roadway where railroad tracks ran parallel to CR 227. *See* Dkt. 46-1, Ex. A, excerpts, 37:8-17. Officers Ham and Edwards stopped Walker for a burned out tail/brake light. *See* Dkt. 46-1, Ex. A, excerpts, 37:8-17, 18-22; Ex. B, Ham, 22:12-17, 24:14-25 and 25:1-11. Walker refused to stop and shook his head "no." *See* Dkt. 46-1, Ex. A, excerpts, 37:18-25. A Brazoria County Deputy was called as backup. *See* Dkt. 46-1, Ex. A, excerpts, 41:21-23. About 1/8 to 1/2 mile later (*See* Dkt. 46-1, Ex. A, excerpts, 38:3-6 and 39:6-12), Walker pulled over at the Marlin Marina. *See* Dkt. 46-1, Ex. A, excerpts, 37:25 and 38:1-2.

Walker stopped approximately 20-25 feet from where construction workers, William Graham and Armando Alaniz, were working. *See* Dkt. 46-1, Ex. E, William Graham Declaration, ¶ 2; Ex. F, Armando Alaniz Declaration, ¶ 2. At the Marlin Marina, Officer Ham approached Walker's truck on foot. *See* Dkt. 46-1, Ex. E, Graham, ¶ 2.

3

Walker's window was open. *See* Dkt. 46-1, Ex. F, Alaniz, ¶ 2. Officer Ham asked Walker to step out of his truck. *See* Dkt. 46-1, Ex. A, excerpts, 40:9-11. Officer Ham asked Walker if he had any weapons. *See* Dkt. 46-1, Ex. A, excerpts, 40:11-16; Ex. E, Graham, ¶ 2. Walker responded "Yes." *See* Dkt. 46-1, Ex. E, Graham, ¶ 2.

Next, Walker threw his hands in the air and yelled, "I have weapons everywhere!" *See* Dkt. 46-1, Ex. A, excerpts 40:16-20. Walker then turned towards the interior of his truck as if he was reaching for something. *See* Dkt. 46-1, Ex. E, Graham, ¶ 2. Officers Ham and Edwards interpreted his movement as a furtive, as if he was going for a weapon. *See* Dkt. 46-1, Ex. A, excerpts, 40:21-25; Ex. D, Edwards, 17:1-5. Alaniz saw Officer Ham place his hand on Walker's left shoulder/arm. *See* Dkt. 46-1, Ex. F, Alaniz, ¶ 2l; Ex. E, Graham, ¶ 2). Walker yelled, "Take your hands off me" as he moved Officer Ham's arms away. *See* Dkt. 46-1, Ex. E, Graham, ¶ 2; Ex. F, Alaniz, ¶ 2. Walker and Officer Ham began to struggle against the side of the truck. *See* Dkt. 46-1, Ex. A, excerpts, 41:2-6; Ex. D, Edwards, 17:6-9. Officer Edwards went to assist and they all stumbled and fell to the ground, where Walker was handcuffed. *See* Dkt. 46-1, Ex. E, Graham, ¶ 2; Ex. F, Alaniz, ¶ 2.

Once handcuffed, Walker did not produce his identification, repeating, "I don't need to tell you anything." *See* Dkt. 46-1, Ex. A, excerpts, 41:7-15. Officers Edwards and Ham searched the truck and found a fillet knife just under the driver's seat, sticking out the edge. *See* Dkt. 46-1, Ex. D, Edwards, 51:11-19. As they secured the knife, Walker called the officers "war criminals." *See* Dkt. 46-1, Ex. A, excerpts, 42:6-10.

When Brazoria County Deputy Carson arrived as backup, he spoke to Walker and calmed him down. *See* Dkt. 46-1, Ex. A, excerpts, 42:11-19. The handcuffs were removed, and Walker was helped to sit on the tailgate of his truck. *Id.* The Officers showed Walker his burned out brake light. *See* Dkt. 46-1, Ex. A, excerpts, 42:20-25 and 83:15-24. The Officers cited Walker for a burned out tail light. *See* Dkt. 46-1, Ex. B, Ham, 36:18-25. As a result of struggling and falling to the ground, Walker suffered an injury to his wrists and back which caused him to miss a few days of work. *See* Dkt. 46-1, Ex. C, Walker, 46:16-23.[3]

Walker subsequently filed the instant action. Officers Ham and Edwards now move for summary judgment on all of Walker's claims. *See* Dkt. 46. They argue that they are entitled to qualified immunity in this case because the uncontroverted summary judgment evidence establishes that their actions were not clearly excessive to the need or unreasonable under the circumstances. For the reasons stated below, the Court finds that Officers Ham and Edwards are entitled to qualified immunity and the motion for summary judgment is **GRANTED**.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, — U.S. —, 134 S.Ct. 1861, 1866, 188 L. Ed. 2d

---

[3] Walker subsequently was convicted for having a defective or broken tail/brake light in the matter of *United States v. Charles Walker*, Criminal Action No. 3:13-MJ-00069, and was fined $225.00. *See* Dkt. 46-1, Ex. A, excerpts, pp. 90, 93; Ex. H, Judgment in a Criminal Case.

895 (2014) (quoting FED. R. CIV. P. 56(a)). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine [dispute] of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). " 'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.' " *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.

6

2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.' " *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### A. The Legal Standard for Qualified Immunity

Public officers may be sued under § 1983 in their official and/or their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 361–63, 116 L. Ed. 2d 301 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). For reasons stated in the September 5, 2014, Report and Recommendation (Dkt. 22)(*see also* Dkt. 31, Order Adopting Report and Recommendation, 12-12-14), the Court dismissed any claims that Walker had asserted or attempted to assert against the Defendants in their official capacities, but allowed the claims asserted against them in their individual capacities to proceed.

Because Officers Ham and Edwards were sued in their individual capacity, they have asserted the defense of qualified immunity. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); *Salazar–Limon v. City of Houston*, 97 F.Supp.3d 898, 900 (S.D. Tex. 2015). When evaluating a qualified immunity defense, the court conducts a "well-known" two-prong inquiry. *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 490 (5th Cir. 2001). "In order to overcome a qualified immunity defense, a plaintiff must allege a violation of a constitutional right, and then must show that 'the right was clearly established ... in light of the specific context of the case.' " *Thompson v. Mercer*, 762

7

F.3d 433, 437 (5th Cir. 2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

Thus, "[a]t summary judgment, it is the plaintiff's burden to rebut a claim of qualified immunity once the defendant has properly raised it in good faith." *Cole v. Carson*, 802 F.3d 752, 757 (5th Cir. 2015). And, "[t]his is a demanding standard." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied*, — U.S. —, 136 S. Ct. 1517, 194 L.Ed.2d 607 (2016) (emphasis added). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)).

Moreover, "[t]his burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citations omitted). And, although the courts resolve "factual controversies in favor of the nonmoving party," it does so only "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* (emphasis added). Accordingly, the court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to survive summary judgment. *Id.* (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)). Turning to the constitutional claim here, Walker contends that Officers Ham and Edwards violated his Fourth Amendment rights by applying excessive force during his arrest. To establish a claim of excessive force under the Fourth Amendment, Walker

8

"must demonstrate: '(1) [an] injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.' " *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009). (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)). "Excessive force claims are necessarily fact-intensive." *Id.*

### B. Analysis[4]

In this case, Officers Ham and Edwards are entitled to qualified immunity because Walker cannot establish that these Defendants violated Walker's rights under the Fourth Amendment. The uncontroverted summary judgment evidence establishes that the force used by Officers Ham and Edwards against Walker was not clearly excessive to the need or clearly unreasonable under the circumstances. The evidence establishes that Walker drove on federal land with gas cans in the rear of his truck and with a burned out tail light giving rise to probable cause for him to be stopped by Officers Ham and Edwards. Walker initially refused to stop in response to the Officers' sirens. Once he stopped and exited his vehicle, in response to Officer Ham's questions Walker yelled that he had "weapons everywhere." Walker then turned towards the interior of his truck as if he was

---

[4] By its terms, § 1983 provides a cause of action to anyone deprived of a federally protected right under color of state law. *District of Columbia v. Carter*, 409 U.S. 418, 424–25, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973). It does not apply to actions taken by federal agencies or employees. *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983). Because the federal defendants in this case were operating under federal authority, Walker is not entitled to relief under 42 U.S.C. § 1983. However, constitutional violations by federal officials are actionable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L. Ed. 2d 619 (1971). *See Melear v. Spears*, 862 F.2d 1177, 1182 n.5 (5th Cir. 1989). Accordingly Walker may seek relief for constitutional violations by federal actors in a "*Bivens*" action and the Court finds that his pro se complaint, when liberally construed, is adequate to do so without requiring amendment. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court therefore will consider this claim under *Bivens*.

reaching for something inside the truck. *See* Dkt. 46-1, Ex. E, Graham, ¶ 2. Officers Ham and Edwards interpreted his movement as a furtive (as if he was going for a weapon). *See* Dkt. 46-1, Ex. A, excerpts, 40:21-25; Ex. D, Edwards, 17:1-5. The Officers attempted to arrest him and Walker resisted. *See* Dkt. 46-1, Ex. A, excerpts, 40:21-25; Ex. D, Edwards, 17:1-5; Ex. C, Walker, 46:16-23. *See Johnson v. Morel*, 876 F.2d 477, 479–80 (5th Cir. 1989), *abrogated on other grounds* ("Injuries which result from, for example, an officer's justified use of force to overcome resistance to arrest do not implicate constitutionally protected interests."); *Cooper v. Killeen Indep. Sch. Dist.*, No. A–07–CA–082 LY, 2008 WL 194358, at *3-5 (W.D. Tex. Jan. 23, 2008)(unpublished)(citing *Flores*, 381 F.3d at 399)("The amount of injury necessary to satisfy the requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances."); *Crumley*, 324 F.3d at 1008 ("Resistance may justify the use of greater force.").

In response to the evidence presented regarding the actions of Officers Ham and Edwards, Walker merely repeats the allegations of his Complaint, noting in conclusory fashion that he was "attacked from behind" and detailing the injuries that he allegedly suffered. *See* Dkt. 46-1, Ex. C, Walker deposition, 54:7-10. However, to defeat an assertion of qualified immunity in a motion for summary judgment Walker is required to do more than simply repeat the allegations of his Complaint. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016). He must present summary judgment

evidence of specific facts showing that there is a genuine dispute for trial regarding defendants' conduct. This he as wholly failed to do.[5]

The Court has scoured the record in this case for summary judgment evidence in support of Walker's excessive force claims. The only summary judgment evidence that Walker has offered regarding any "attack" on him in this case is a deposition excerpt from an unidentified witness, presumably his wife, who saw Walker being "knocked down" by either Ham or Edwards or both. *See* Dkt. 50, p. 11. In light of the detailed summary judgment evidence regarding the traffic stop, this testimony is completely inadequate to create a material issue of fact regarding whether the force used against him was clearly excessive to the need or unreasonable under the circumstances. *Johnson v. Morel*, 876 F.2d 477, 479–80 (5th Cir. 1989), *abrogated on other grounds* ("Injuries which result from, for example, an officer's justified use of force to overcome resistance to arrest do not implicate constitutionally protected interests."); *Cooper v. Killeen Indep. Sch. Dist.*, No. A–07–CA–082 LY, 2008 WL 194358, at *3–5 (W.D. Tex. Jan. 23, 2008)(unpublished)(citing *Flores*, 381 F.3d at 399)("The amount of injury necessary to satisfy the requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances."); *Crumley*, 324 F.3d at 1008 ("Resistance may justify the use of greater

---

[5] Walker's Response to Defendants' Motion states in its entirety: "Plaintiff objects to Defendants [Motion because] 'it is almost impossible to dismiss a use of force claim that involves nothing more than a swearing match.' Plaintiff has shown through discovery all of his claims are valid see attached samples of witness depositions. While both federal agents and their supervisor admit to a willful false statement under oath to plaintiffs interrogatory no. 3. Defendants also defied the plaintiffs 'FIOA and preservation of evidence request' stating 'we don't keep any records." Plaintiff objects to Defendants two nearly identical statements from environmental contractors who were not properly deposed."

force."). Accordingly, the Court finds that there is no genuine issue of material fact on any of the elements of an excessive-force claim and Officers Ham and Edwards are entitled to qualified immunity from this claim.

## CONCLUSION

For the reasons stated above the motion for summary judgment is **GRANTED** (Dkt. 46). It is further **ORDERED**

That Defendants' Motion to Dismiss for Failure to Prosecute (Dkt. 54) is **DENIED AS MOOT**.

The Clerk will enter this Order and send a copy to all parties of record.

**IT IS SO ORDERED.**

**Final judgment will be entered separately.**

SIGNED AT GALVESTON, TEXAS, on September 8 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE